# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE RUTHERFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAG TRUCKING INC., *et al.*,<br><br>　　　　Defendants. | 1:19-cv-00033-LJO-JLT<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE RE CONSOLIDATION AND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br>(ECF No. 5) |

On October 25, 2018, Plaintiff Stephanie Rutherford brought a state court action in Kern County Superior Court against Defendants JAG Trucking, Inc. ("JAG"), Joshua Nicholson, Todd Kittinger,[1] and Noelle Krawiec alleging damages in connection with a motor vehicle accident that occurred on May 8, 2018 on northbound Interstate Highway 5 near the intersection of Grapevine Road. ECF No. 1, Ex. D. On January 7, 2019, Defendants JAG and Nicholson filed a notice of removal. ECF No. 1. The notice of removal stated that the other Defendants, Kittinger and Krawiec, had not been served and therefore did not need to join in removal and that the removal was timely filed, within 30 days of service. ECF No. 1 at 7- 8. The notice of removal also indicated that this matter was related to another matter pending before this Court, *Leonel Gonzalez et al. v. JAG Trucking, Inc. et al.*, 1:18-cv-01046-LJO-JLT ("*Gonzalez*"), and that the cases should be consolidated. *Id.* On January 10, 2019, the Court issued an order relating this

---

[1] Mr. Todd Richard Kittinger was erroneously sued as Todd Richard Kittenger.

1

matter to *Gonzalez*. ECF No. 3. On January 15, 2019, this Court issued an order to show cause why the *Gonzalez* and *Rutherford* matters should not be consolidated since both actions stem from the same motor vehicle accident which occurred on May 8, 2018 involving multiple vehicles on northbound Interstate Highway 5. ECF No. 5. On January 24, 2019, Plaintiff Rutherford responded to the order to show cause indicating that the cases should not be consolidated, namely because the Court does not have subject matter jurisdiction over this action and that instead this matter should be remanded. ECF No. 6. Rutherford indicates that there is no diversity jurisdiction, pursuant to 28 U.S.C. § 1332, among the parties in this matter as one of the defendants, Todd Kittinger, is also a resident of California. *Id.* at 3-4. Additionally, Rutherford points to procedural deficiencies in removal which contradict several of Defendant JAG and Nicholson's representations contained in the notice of removal. Rutherford states that at the time the notice of removal was filed, Mr. Kittinger had in fact been served and therefore was required to join in removal under 28 U.S.C. § 1446(b)(2)(A). *Id.* at 2. Rutherford further contends that notice of removal was not timely as it was filed more than 30 days after service of the complaint in contravention of 28 U.S.C. § 1446(b)(2)(B).

Defendant as the removing party has the burden of establishing subject matter jurisdiction and that removal is proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Merced Irr. Dist. v. Cty. of Mariposa*, 941 F. Supp. 2d 1237, 1258 (E.D. Cal. 2013) ("defendant always bears the burden of establishing that removal is proper, and the court resolves all ambiguity in favor of remand.") (quotation marks omitted). Accordingly, the Court issues an Order to Show Cause why this case should not be remanded to the state court for lack of subject matter jurisdiction. On or before February 1, 2019, the parties are to submit memoranda, not to exceed five pages, concerning whether the Court has subject matter jurisdiction over this action and whether removal was proper.

The Court DISCHARGES the previously entered Order to Show Cause concerning consolidation, ECF No. 5. If Defendant is unable to establish that this Court has subject matter jurisdiction then consolidation, pursuant to Federal Rule of Civil Procedure 42, is not possible since consolidation cannot

be used to cure jurisdictional defects. *See U.S. Bank Nat'l Ass'n v. Mariano*, No. LACV1205485JAKPJWX, 2012 WL 12882054, at *1 (C.D. Cal. Aug. 16, 2012) ("consolidation would not cure the jurisdictional defects."). "Consolidating an improperly removed case with a related case does not give the Court ancillary jurisdiction; under Rule 42, a prerequisite to consolidation is that both cases be 'pending before the court,' and an improperly removed case does not meet this criterion." *Id.*; *see also Oregon Egg Producers v. Andrew,* 458 F.2d 382, 383 (9th Cir. 1972) (per curiam) (holding that Rule 42 cannot be used to avoid remand to state court by consolidating with a pending federal action because Rule 42 applies only to cases that are "properly before" the court); *U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) (vacating a trial verdict and holding that the district court never acquired ancillary jurisdiction over improperly removed case by consolidating it with related and properly filed case because Rule 42 requires that both cases be "'pending before the court' and an improperly removed action does not meet this criterion.").

## **CONCLUSION AND ORDER**

1. The Order to Show Cause, ECF No. 5, is **DISCHARGED**;
2. On or before **February 1, 2019**, Defendants JAG and Nicholson are ordered to show cause why this matter should not be remanded for lack of subject matter jurisdiction, in a memorandum **not to exceed five pages**; and
3. Concurrently, on or before **February 1, 2019**, Plaintiff may respond, utilizing the same page limitation, to this Order to Show Cause concerning whether this matter should be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

    Dated:   **January 28, 2019**          /s/ Lawrence J. O'Neill
                                                       UNITED STATES CHIEF DISTRICT JUDGE