# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE RUTHERFORD,<br><br>    Plaintiff,<br><br>v.<br><br>JAG TRUCKING INC., *et al.*,<br><br>    Defendants. | 1:19-cv-00033-LJO-JLT<br><br>**ORDER REMANDING MATTER TO KERN COUNTY SUPERIOR COURT**<br><br>(ECF No. 9) |

On January 29, 2019, the Court issued an Order to Show Cause ("OSC") why this matter should not be remanded to state court for lack of subject matter jurisdiction. ECF No. 9. After reviewing the parties' responses to the OSC, the Court finds that remand is required.

## I. BACKGROUND

On October 25, 2018, Plaintiff Stefanie Rutherford brought a state court action in Kern County Superior Court against Defendants JAG Trucking, Inc. ("JAG"), Joshua Nicholson, Todd Kittinger,[1] and Noelle Krawiec, alleging damages in connection with a motor vehicle accident that occurred on May 8, 2018 on northbound Interstate Highway 5 near the intersection of Grapevine Road. ECF No. 1, Ex. D. On January 7, 2019, Defendants JAG and Nicholson filed a notice of removal. ECF No. 1. The notice of removal stated that the other Defendants, Kittinger and Krawiec, had not been served and therefore did not need to join in removal and that the removal was timely filed, within 30 days of service. ECF No. 1

---

[1] Mr. Todd Richard Kittinger was erroneously sued as Todd Richard Kittenger.

1

at 7- 8. The notice of removal also indicated that this matter was related to another matter pending before this Court, *Leonel Gonzalez et al. v. JAG Trucking, Inc. et al.*, 1:18-cv-01046-LJO-JLT ("*Gonzalez*"), and that the cases should be consolidated. *Id.* The stated basis for jurisdiction was 28 U.S.C. § 1367(a) and 28 U.S.C. § 1332. *Id.* However, upon closer review the notice of removal indicates that jurisdiction under 28 U.S.C. § 1332 exists in the *Gonzalez* action and makes no representation whether such diversity jurisdiction is present in this matter. *Id.* Instead the notice of removal states: "Removal of this action is proper under 28 U.S.C. §1367(a) because this Court may exercise supplemental jurisdiction over all other claims that are so related to claims in the Federal Action within such original jurisdiction that they form part of the same case or controversy." *Id.* at 6.[2]

On January 10, 2019, the Court issued an order relating this matter to *Gonzalez*. ECF No. 3. On January 15, 2019, this Court issued an OSC why the *Gonzalez* and *Rutherford* matters should not be consolidated since both actions stem from the same multi-car motor vehicle accident which occurred on May 8, 2018 on northbound Interstate Highway 5. ECF No. 5. On January 24, 2019, Plaintiff Rutherford responded to the OSC, indicating that the cases should not be consolidated, namely because the Court does not have subject matter jurisdiction over this action and that instead this matter should be remanded. ECF No. 6. Rutherford indicated that there is no diversity jurisdiction, pursuant to 28 U.S.C. § 1332, among the parties in this matter as one of the defendants, Todd Kittinger, is also a resident of California. *Id.* at 3-4. Additionally, Rutherford pointed to procedural deficiencies in removal which contradict several of Defendant JAG and Nicholson's representations in the notice of removal. Rutherford stated that at the time the notice of removal was filed, Mr. Kittinger had in fact been served and therefore was required to join in removal under 28 U.S.C. § 1446(b)(2)(A). *Id.* at 2. Rutherford further contended that the notice of removal was not timely as it was filed more than 30 days after service of the complaint in contravention of 28 U.S.C. § 1446(b)(2)(B). As a result of Rutherford's response, this Court issued an

---

[2] The notice of removal's reference to the "Federal Action" refers to the *Gonzalez* case.

2

Order discharging the OSC on whether the *Gonzalez* and *Rutherford* cases should be consolidated and issued an OSC for why this case should not be remanded. ECF No. 9. Plaintiff Rutherford and Defendants JAG and Nicholson responded to the OSC. ECF Nos. 10-11.

## **II. DISCUSSION**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate. *See Kokkonen,* 511 U.S. at 377. Defendants as the removing party have the burden of establishing subject matter jurisdiction and that removal is proper. *Id.*; *Merced Irr. Dist. v. County of Mariposa*, 941 F. Supp. 2d 1237, 1258 (E.D. Cal. 2013) ("defendant always bears the burden of establishing that removal is proper, and the court resolves all ambiguity in favor of remand") (quotation marks omitted).

Here, the removed complaint does not present a federal question and Defendants JAG and Nicholson's response to the OSC does not argue that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. *See* ECF No. 11. Instead, Defendants JAG and Nicholson rely on 28 U.S.C. § 1367(a) as the basis for jurisdiction in this suit. *Id.* at 4-5. 28 U.S.C. § 1367 provides for supplemental jurisdiction and in part states:

> *in any civil action* of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims *in the action* within such original jurisdiction that they form part of the same case or controversy.

28 U.S.C. § 1367(a) (emphasis added). Defendants JAG and Nicholson argue that "[w]hen a counterclaim is closely connected to the main action, diversity jurisdiction is not destroyed by lack of diversity between a counterclaimant and any third party against whom he may move." ECF No. 11 at 5. Defendants' arguments center around § 1367 permitting the exercise of supplemental jurisdiction over a cross-claim between non-diverse defendants providing "such a claim is ancillary to a matter over which the court already has jurisdiction." *Id.* However, Defendants are confusing the applicability of § 1367 to additional

3

claims within a single action with its applicability when there are two separate actions pending. While the cited proposition could have potentially applied to cross-claims or counterclaims that were before the Court in the *Gonzalez* matter where diversity jurisdiction exists between the original parties, that reasoning does not extend to this separate action. Defendants do not set forth a basis for original jurisdiction in *this* action and the arguments concerning supplemental jurisdiction therefore miss the mark.

"Supplemental jurisdiction must be exercised *in the same action* that furnishes the basis for exercise of supplemental jurisdiction. . . . The phrases 'in any civil action' and 'in the action' [in 28 U.S.C. § 1367(a)] require that supplemental jurisdiction be exercised in the same case, not a separate or subsequent case." *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 86–87 (9th Cir. 1997) (emphasis added) (quoting 28 U.S.C. § 1367(a)), *as amended on denial of reh'g* (June 10, 1997). "In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996). "Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit." *Id.*

Here, Defendants JAG and Nicholson have failed to show that removal of this action to federal court is appropriate. Plaintiff's complaint involves a state law claim for a motor vehicle accident. As stated above, Defendants rely solely on supplemental jurisdiction in connection with the currently pending, related federal case, *Gonzalez*, as the basis for jurisdiction over this matter. However, as indicated above, § 1367(a) "does not authorize supplemental jurisdiction over free-standing state law claims that are related to a separate action over which the court has jurisdiction." *Bank of New York Mellon v. Palmer*, No. 1:17-cv-00707-DAD-SKO, 2017 WL 2791662, at *2 (E.D. Cal. June 28, 2017) (quoting *Wescom Credit Union v. Dudley*, No. 2:10–cv–08203–GAF–SS, 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010)); *see also Qualxserv, Inc. v. Alvarez*, No. C 06-05956 JSW, 2007 WL 608121, at *1

4

(N.D. Cal. Feb. 23, 2007) ("The language of section 1367 'requires that the supplemental jurisdiction be exercised in the *same case*, not a *separate* or subsequent case.' Without any basis for original jurisdiction in this action, the action must be dismissed.") (quoting *Ortolf*, 111 F.3d at 86); *Putnam Inv., Inc. v. R.E.F.S. Inc.*, No. 1:12–cv–00862–AWI–DLB, 2012 WL 3288241, at *2 (E.D. Cal. Aug. 10, 2012) ("The Court cannot exercise supplemental jurisdiction over claims made in a separate complaint."); *Fed. Nat. Mortg. Ass'n. v. Bridgeman*, No. 2:10–cv–02619–JAM, 2010 WL 5330499, at *5 (E.D. Cal. Dec. 20, 2010) ("Several courts have correctly rejected the premise that a state law claim may be removed to federal court on the basis of a related case in federal court.") (collecting cases). Thus, even where the court has jurisdiction over a related action, that does not provide a basis for supplemental jurisdiction under § 1367(a) over a later-filed action which presents a purely state law claim and where no diversity jurisdiction exists.[3]

Additionally, as previously noted in the Court's OSC, consolidation with a pending federal action pursuant to Federal Rule of Civil Procedure 42 is not a means of creating subject matter jurisdiction over an improperly removed case. *See* ECF No. 9 at 2-3; s*ee also U.S. Bank Nat'l Ass'n v. Mariano*, No. CV1205485, 2012 WL 12882054, at *1 (C.D. Cal. Aug. 16, 2012) ("consolidation would not cure the

---

[3] The Court notes that Plaintiff Rutherford filed this state court action on October 25, 2018, shortly after requesting an extension of time to answer and just before answering in the pending federal action in *Gonzalez* on October 29, 2018. *See Gonzalez et al. v. JAG Trucking, Inc. et al.*, 1:18-cv-01046-LJO-JLT, ECF Nos. 14, 34. This is potentially evidence of forum shopping resulting in a waste of judicial resources. It is not clear at this stage whether Rutherford's claims against Defendants JAG and Nicholson here qualify as compulsory counterclaims in the *Gonzalez* action under Federal Rule of Civil Procedure 13, which provides that "[a] pleading *must* state as a counterclaim any claim that . . . the pleader has against an opposing party if the claim. . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). However, "even though the pursuit of the counterclaim in state court does not promote judicial economy, 28 U.S.C. § 2283 precludes this Court from enjoining the state court proceedings, even if they involve compulsory counterclaims." *KC-X Am. Aerospace LLC v. Smithline*, No. CV 12-10415 GAF (SPx), 2013 WL 12138993, at *5 (C.D. Cal. Feb. 27, 2013) (citing Wright, Miller, Kane & Marcus, 6 Fed. Prac. & Proc. Civ. § 1418 ("Clearly the language of Rule 13(a) cannot be construed as empowering the federal court to restrain state-court proceedings. Thus, if a party asserts a claim in a state court that should be a compulsory counterclaim in an already pending federal action, the federal court cannot enjoin the prosecution of the state court proceeding.")). "Thus, the parties must address questions of efficiency and economy with the assigned Superior Court Judge . . . [and] 'the state court, although it is not required to do so, may stay its proceedings on its own in order to effectuate the general policy in both state and federal courts against multiplicity of litigation.'" *Id.* at *2, *5 (remanding case to state court since "section 1367 does not provide a basis for removal of an action" and noting "[a]lthough this result is contrary to notions of efficiency and judicial economy, and a transparent act of forum shopping, controlling law mandates the result").

jurisdictional defects"); *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972); *U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987). "Absent diversity of citizenship, federal-question jurisdiction is required." *Deutsche Bank Nat. Tr. Co. v. Ros*, No. 12-CV-01981 BEN (WVG), 2012 WL 5197544, at *1 (S.D. Cal. Oct. 18, 2012) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding that supplemental jurisdiction statute does not authorize supplemental jurisdiction over state law claims related to a separate action over which the court has jurisdiction, remanding case, and denying motion to consolidate)).

In Plaintiff's response to the Court's OSC, she requests $2,135 in attorney's fees, including for 3.2 hours in research to address these issues, 1.6 hours in drafting Plaintiff's response to the first OSC concerning consolidation, and 1.3 hours in drafting the response to the second OSC concerning subject matter jurisdiction. ECF No. 10 at 5. A court should award attorney's fees and costs under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' response to the OSC on why this matter should not be remanded submits a declaration stating that the Court's first OSC did not allow for a "sanctions request." ECF No. 11-2. Defendants state that they did not have an opportunity to respond to or oppose Plaintiff's request for fees and that Plaintiff has not filed a proper motion as required under Federal Rule of Civil Procedure 11. *Id.* However, this again confuses the issues. First, Plaintiff's request for attorney's fees is not pursuant to Rule 11 but rather pursuant to §1447(c). Additionally, Plaintiff has now made two requests for attorney's fees to which Defendants have now had an opportunity to respond, in a lengthy 51-page filing. Instead of taking the opportunity to substantively respond to the request Plaintiff has made for attorney's fees, Defendants filed a declaration that provides no support for its argument that fees should not be awarded despite the statutory basis provided in 28 U.S.C. § 1447(c). While the Plaintiff does not provide any citations to case law in support of her request for attorney's fees, there is Ninth Circuit authority that is directly relevant to the facts of this removal. In *Patel v. Del Taco, Inc.*, the Ninth Circuit found that Defendants "had no objectively reasonable basis for removal" where

6

they contended that a state court case was removable because when it was joined with federal civil rights claims pending in federal court, the federal court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state court claim. 446 F.3d 996, 999-1000 (9th Cir. 2006). The Court found that "[t]his contention is frivolous. Section 1367, which provides for supplemental jurisdiction, is not a basis for removal." *Id.* at 999 (holding district court did not abuse its discretion in awarding attorney's fees under § 1447(c)); *see also Guidetech, LLC v. Brilliant Instruments, Inc.*, No. C 10-05669 CW, 2011 WL 846689, at *2 (N.D. Cal. Mar. 8, 2011) (finding there was no objectively reasonable basis to remove the action, granting plaintiff's request for attorney's fees in amount of $3,375 for improper removal, and citing *Patel* where defendant's assertion of jurisdiction was based on 1367(a)). Based on *Patel*, the Court finds that Defendants' removal of this action was objectively unreasonable and grants Plaintiff's request for $2,135 in attorney's fees.

Defendants fail to show that there is federal jurisdiction over this matter. None of the bases claimed in their notice of removal or response to the OSC establishes a basis for federal jurisdiction. *See, e.g., Eagle Vista Equities, LLC v. Vielma*, No. LA CV15-01452 JAK (SSx), 2015 WL 1600704, at *2 (C.D. Cal. Apr. 8, 2015) ("Neither Rule 42(a) nor § 1367 provides jurisdiction over the removed action."). The Court declines to reach the parties' arguments concerning the procedural defects of removal – including timeliness and consent of the other two Defendants pursuant to 28 U.S.C. § 1446(b).[4] Because there is no diversity or federal question jurisdiction appearing in Plaintiff's complaint in this case, Defendants have failed to properly invoke this court's jurisdiction. Remand to the Kern County Superior Court is therefore appropriate and mandatory pursuant to 28 U.S.C. § 1447(c). *See also Bruns*

---

[4] Defendants' response to the OSC alludes to fraudulent joinder as a concept but makes no substantive or convincing arguments to support such a theory and fails to offer any indication how the other two defendants in this case were allegedly fraudulently joined. ECF No. 11 at 5. This is not sufficient to support removal based on fraudulent joinder. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (removing defendant bears a "heavy burden" to establish fraudulent joinder in the face of "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder"); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

*v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.").

### III. CONCLUSION AND ORDER

1. This action is **REMANDED** forthwith to Kern County Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction;
2. The Order to Show Cause, ECF No. 9, is **DISCHARGED**; and
3. The Court grants Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) in connection with the filing of this notice of removal. Defendants JAG and Nicholson shall remit $2,135 to Plaintiff.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 8, 2019**          /s/ Lawrence J. O'Neill
                                                                                    UNITED STATES CHIEF DISTRICT JUDGE